AGNES M. GARVAN, Executrix, etc., of THOMAS F. GARVAN, Deceased, Appellant, *v.* WILLIAM E. CUFF, Respondent.

First Department, January 10, 1930.

*Samuel A. Pleasants* of counsel [*Pleasants & Lowry*, attorneys], for the appellant.

*Terence J. McManus* of counsel [*Lester D. Melzer* with him on the brief; *McManus, Ernst & Ernst*, attorneys], for the respondent.

PER CURIAM. In the circumstances disclosed there were questions of fact which required submission to the jury. It was for them to say whether the defendant's Exhibit A, tthe renunciation upon

which the defense was based, was executed and delivered by plaintiff's testator at a time when he understood the nature and quality of his act. The jury might well have found that at the time the instrument in question was witnessed, plaintiff's testator was in such a state of intoxication that he was unable to appreciate what he was doing. While it is true that there was no evidence to show when the document was signed, it is conceded that it was signed after the testator went aboard the steamship. Plaintiff's evidence clearly indicated that the testator became intoxicated very shortly after the vessel sailed and continued in such condition throughout the voyage.

In these circumstances the jury might have found that the instrument was signed sometime after the testator became intoxicated. The fact that there was no evidence to show the precise time of signing would not necessarily defeat plaintiff's cause of action, particularly since there was no proof of delivery of the document with intent to have it take effect prior to the time it was witnessed.

It follows that the judgment should be reversed and a new trial granted, with costs to the appellant to abide the event.

Present — DOWLING, P. J., MERRELL, MARTIN, O'MALLEY and PROSKAUER, JJ.

Judgment reversed and a new trial ordered, with costs to the appellant to abide the event.